UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | No. 2:22-cv-2035 DAD DB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PUFF+ LLC d/b/a PUFF SMOKE SHOP and HAMEEDULLAH NOORISTANI, | |
| Defendants. | |

This matter came before the undersigned on October 27, 2023, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 18.) Attorneys Peter D. Ticktin and Thomas Leon appeared via Zoom on behalf of the plaintiff. No appearance was made by, or on behalf of, a defendant. At that time, oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be denied as explained below.

**BACKGROUND**

Plaintiff's counsel commenced this action on November 9, 2022, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges that plaintiff is the owner of

////

1

three registered trademarks related to the Stündenglass brand.  (Compl. (ECF No. 1) at 2.[1])  Stündenglass branded products of glass infusers and accessories are well-known for their "superior smoking experience" and "have a significant following and appreciation amongst consumers in the United States and internationally."  (Id. at 3.)

Defendant Hameedullah Nooristani owned and operated the Puff Smoke Shop located at 7250 Fair Oaks Blvd, Ste D, Carmichael, CA 95608.  (Id. at 2.)  On October 25, 2022, plaintiff's investigator purchased a counterfeit product bearing plaintiff's mark from the defendants.  (Id. at 6.)  The complaint asserts causes of action for federal trademark and counterfeiting infringement in violation of 15 U.S.C. § 1114, and false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).  (Id. at 10-13.)

On January 11, 2023, plaintiff filed proof of service on the defendants.  (ECF Nos. 4-5.)  On January 30, 2023, plaintiff requested defendants' default.  (ECF No. 6.)  The Clerk entered defendants' default on February 1, 2023.  (ECF No. 7.)

On April 20, 2023, plaintiff filed a motion for default judgment but erroneously noticed it for hearing before the assigned District Judge.  (ECF No. 10 & 12.)  On August 23, 2023, plaintiff filed the pending motion for default judgment.  (ECF No. 14.)  The matter came for hearing before the undersigned on October 27, 2023.  (ECF No. 18.)  Attorneys Peter Ticktin and Thomas Leon appeared on behalf of the plaintiff.  No appearance was made by, or on behalf of, a defendant.

**LEGAL STANDARDS**

**I.    Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### I.   Plaintiff's Motion for Default Judgment

"Because the decision to grant default judgment is at the sole discretion of the Court, the Court may render judgment based on an assessment of the second and third Eitel factors alone." GS Holistic, LLC v. Ravens Smoke Shop, Inc., Case No. CV 22-7199 MWF (Ex), 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023). As noted above, the second and third Eitel factors are (1) the merits of plaintiffs' substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. The court considers the two factors together given the close relationship between the two inquiries. Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of default judgment where the complaint sufficiently

////

states a claim for relief upon which the plaintiff may recover.  PepsiCo, Inc., 238 F. Supp.2d at 1175; see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

As noted above, plaintiff's the complaint asserts causes of action for: (1) trademark infringement in violation of 15 U.S.C. § 1114; and (2) false designation in violation of 15 U.S.C. § 1125(a).  These "claims are subject to the same test."  Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008); see also Moroccanoil, Inc. v. Allstate Beauty Products, Inc., 847 F.Supp.2d 1197, 1201 (C.D. Cal. 2012) ("infringement claims are subject to the same test"); Phillip Morris USA Inc. v. Shalabi, 352 F.Supp.2d 1067, 1072 (C.D. Cal. 2004) ("Despite the existence of three distinct claims before the Court, the essential elements of the federal claims are identical and if met with adequate evidence are sufficient to establish liability under the state law claim as well.").

In this regard "the critical determination is 'whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product.'"  Jada, 518 F.3d at 632 (quoting Brother Records, Inc. v. Jardine, 318 F.3d 900, 908 (9th Cir. 2003)).  The likelihood of confusion is evaluated using an eight-factor test.

> Those factors are: (1) strength of the plaintiff's mark/name; (2) proximity of the parties' goods; (3) similarity of the marks/names; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark/name; and (8) likelihood of expansion of product lines.

Accuride Intern., Inc. v. Accuride Corp., 871 F.2d 1531, 1533-34 (9th Cir. 1989).

Plaintiff's motion for default judgment argues that the defendants "have engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit Stündenglass branded glass infusers and related parts." (Pl.'s MDJ (ECF No. 14) at 5.)  The motion for default argues that defendants' "acts constitute willful trademark infringement" and that the defendants engaged in "importing, advertising, displaying, distributing, selling, and/or offering for sale unauthorized copies of Stündenglass branded products."  (Id. at 6, 10.)  Based on this conduct plaintiff seeks $150,000 in statutory damages plus costs.  (Id. at 13.)

However, the only factual allegation found in the complaint related to defendants' conduct is the simple allegation that on October 25, 2022, plaintiff's investigator "purchased a Cookies

Glass Infuser with a Stündenglass Mark affixed to it[.]" (Compl. (ECF No. 1) at 7.) In this regard, the complaint alleges merely that on a single date, a single item, bearing a single infringing mark was purchased at defendants' store. No further factual allegations related to defendants' conduct are alleged.

Several courts have already found these vague and conclusory allegations insufficient to grant default judgment. See GS HOLISTIC, LLC Plaintiff, v. CIGARETTE OUTLET SMOKE SHOP, et al., Defendants., No. 1:23-cv-0281 TLN CKD, 2024 WL 519783, at *3 (E.D. Cal. Feb. 9, 2024) ("plaintiff's allegations are insufficient for the purposes of default judgment"); GS Holistic, LLC v. Kings Smokeshop, No. 1:23-cv-0292 TLN KJN, 2024 WL 150217, at *2 (E.D. Cal. Jan. 12, 2024) ("The court denies plaintiff's motion for default judgement because plaintiff has not satisfied the second and third Eitel factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint"); GS Holistic, LLC v. Ashes Plus Nine, Case No. 22-cv-7101 LJC, 2023 WL 5993055, at *5 (N.D. Cal. Aug. 25, 2023) ("this Court and other district courts in this Circuit have found similar (if not almost identical) allegations by GS Holistic equally insufficient"); GS Holistic, LLC v. Ravens Smoke Shop, Inc., Case No. Cv22-7911 MWF (Ex), 2023 WL 5504964, at *4 (C.D. Cal. July 10, 2023) ("As currently pled, these factual allegations are vague and conclusory, and need not be accepted as true."); GS Holistic, LLC v. Alien Smoke Shop, Case No. 2:22-cv-5622 JLS DFM, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023) ("the Court is concerned that Plaintiff's allegations of infringement here are insufficient to support a finding that Defendants willfully infringed Plaintiff's trademarks").

The undersigned finds those cases persuasive and will, therefore, recommend that plaintiff's motion for default judgment be denied without prejudice to renewal.[2]

////
////
////
////

---

[2] Plaintiff could likely cure the defects noted above by amending the complaint and the motion for default judgment to provide additional factual allegations in support the complaint's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's April 20, 2023 motion for default judgment (ECF No. 10), re-noticed on August 23, 2023 (ECF No. 14) be denied without prejudice to renewal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2024                    /s/ DEBORAH BARNES
                                            UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/holistic2035.mdj.f&rs